PEOPLE *v.* KIRCHOFF.

INTOXICATING LIQUORS—CRIMINAL LAW—LICENSE—RESIDENCE DISTRICT—CONSENT OF PROPERTY OWNERS.

In a prosecution for conducting a saloon in a residence district without complying with the provisions of section 7066, 2 Comp. Laws 1915, evidence that the building occupied by defendant had been used for business purposes for many years, and that on three sides the street was given over to business houses, *held*, sufficient to require a directed verdict in favor of defendant.

Exceptions before judgment from Ottawa; Cross, J.

Submitted January 18, 1918. (Docket No. 196.) Decided March 28, 1918.

Joseph E. Kirchoff was convicted of maintaining a saloon in a residence district in violation of section 37, Act No. 291, Pub. Acts 1909. Reversed, and respondent discharged.

*Lillie, Lillie & Lillie,* for appellant

*Fred T. Miles,* Prosecuting Attorney, for the people.

MOORE, J. Respondent was convicted of violating section 37 of the so-called Warner-Cramton Act of 1909 (Act No. 291, Pub. Acts 1909, 2 Comp Laws 1915, § 7066). This case is here on exceptions before sentence. The facts are not in dispute. Joseph E. Kirchoff was given permission by the township board to run a saloon in the Berlin hotel in the village of Berlin, commencing May 1, 1917. The township board, on the 24th day of September, 1917, on the filing of a new bond, gave respondent permission to move his saloon to the building on lot 92 in said village, and he did so on the 25th day of September, 1917. Respondent did not get the consent of any property owners within 300 feet of said saloon. It is claimed it was in a residence district and it was within that part of the act that forbids establishing any saloon or bar "in any residence district unless the consent of all the property owners within three hundred feet of said proposed bar or saloon be obtained."

The testimony, the village plat, and the photographs show that the saloon on lot 92 was a part of the business district of the village. The testimony indicates that the saloon building had been used for business purposes a good many years. West of the building and adjacent thereto was a blacksmith shop. South of this building, and on both sides, the street was given

over to business houses, while north of this building were residences.

We think the trial judge should have directed a verdict in favor of the respondent as requested.

The case is reversed, the conviction set aside and the respondent is discharged.

OSTRANDER, C. J., and BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.